**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| ESTER RUIZ-MINJAREZ, | |
| Plaintiff, | |
| v. | Case No. 7:20-cv-00272 |
| TEXAN CREDIT CORPORATION, | |
| Defendant. | |

**NOW COMES** ESTER RUIZ-MINJAREZ, by and through her undersigned counsel, complaining of Defendant TEXAN CREDIT CORPORATION, as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq*. and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4.      ESTER RUIZ-MINJAREZ ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Odessa, Texas.

5.      Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6.      Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

7.      TEXAN CREDIT CORPORATION ("Defendant") is a corporation organized under the laws of Texas.

8.      Defendant specializes in providing small personal loans to Texas consumers.

9.      Defendant maintains its principal place of business in Longview, Texas.

10.     Defendant is a "person" as defined by 47 U.S.C. § 153(39).

11.     Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) because it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

12.     At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 6069.

13.     At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

14.     In 2019, Plaintiff's husband Javier applied for and received a personal loan from Defendant in the approximate amount of $700 ("subject debt" or "Javier's debt").

15.     Due to financial difficulty, Javier defaulted on the subject debt.

16.     In August 2020, Plaintiff started placing collection calls to Plaintiff's cellular phone in an attempt to collect Javier's debt.

17.     Shortly after Defendant's calls began, Plaintiff answered one of Defendant's phone calls.

18.     Each time Plaintiff answered Defendant's collection calls, she was met with a lengthy period of dead air prior to being connected with Defendant's representative.

19.     During one phone call with Defendant, Plaintiff advised Defendant that she was unable to make a payment on Javier's debt.

20.     Despite Plaintiff's representation that she could not make payments on Javier's debt, Defendant's collection calls continued.

21.     Realizing that Defendant's collection calls would not cease if Javier's debt remained unpaid,  Plaintiff finally submitted to Defendant's coercive collection practices and agreed to a payment plan to pay to Javier's debt.

22.     Despite coercing Plaintiff to enter a payment plan, Defendant brazenly continued its harassing collection calls to Plaintiff's cellular phone.

23.     Frustrated with Defendant's collection calls, Plaintiff demanded that Defendant cease its collection calls.

24.     In response, Defendant advised Plaintiff that the calls would continue to ensure that Plaintiff would honor the payment plan.

25.     In addition to the phone calls to Plaintiff, Defendant shamelessly placed collection calls to Javier's employer and informed Javier's employer that Javier owes an unpaid debt.

26.     In response to the collection calls, Javier's employer advised Javier that he needed to take care of his debt or else he would lose his job.

27.     Despite Plaintiff's requests that Defendant cease its harassing conduct, Defendant continues to employ abusive collection practices in an effort to collect the subject debt, including but not limited to harassing phone calls to Plaintiff, Javier, and Javier's employer.

28.     Defendant's harassing calls to Plaintiff have escalated to unconscionable levels, up to 10 calls in a 24-hour period.

29.     In total, Defendant has placed no less than 40 harassing collection calls to Plaintiff's cellular phone in an effort to collect Javier's debt, including calls from the phone numbers: (432) 620-0442, (432) 520-0210; and (432) 620-0563.

30.     At no point in time did Plaintiff provide Defendant with her cellular phone number or otherwise provide Defendant with consent to place calls to her cellular phone.

## DAMAGES

31.     Defendant's abusive collection practices have severely disrupted Plaintiff's daily life and general well-being.

32.     Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to: invasion of privacy; nuisance; wasting Plaintiff's time; the increased risk of personal injury resulting from the distraction caused by the phone calls; decreased daily productivity; aggravation that accompanies unwanted telephone calls; emotional distress; mental anguish; anxiety; loss of concentration; the loss of battery charge; and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her cellular phone.

33.      Moreover, each time Defendant placed a phone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

34.     Concerned with the escalation of Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. §227 *et seq.*)

35.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

36.     Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular phone using an automatic telephone dialing system ("ATDS") without Plaintiff's consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

37.     The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

38.     Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular phone.

39.      Upon information and belief, the dialing system used by Defendant to place collection calls to Plaintiff has the capacity to (a) store phone numbers, and (b) dial those phone numbers automatically. *Marks v. Crunch San Diego, LLC*, 2018 U.S. App. LEXIS 26883, at *25-26 (9th Cir. 2018) ("the statutory definition of ATDS is not limited to devices with the capacity to call numbers produced by a 'random or sequential number generator,' but also includes devices with the capacity to dial stored numbers automatically.")

40.     Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

41.     Defendant violated the TCPA by placing no less than 40 harassing phone calls to Plaintiff's cellular phone using an ATDS without her consent.

42.     As pled above, Plaintiff never provided Defendant with consent to place calls her to her cellular phone.

43.     As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

44.      Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

45.     Upon information and belief, Defendant has no policies and procedures in place to honor cease-call requests made by consumers.

46.     Upon information and belief, Defendant knew its collection practices were in violation of the TCPA yet continued to employ them to maximize profits.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the TCPA;

b.  Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C); and

c.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II
### Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq*.)

47.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

48.     Section 392.302(4) of the Texas Finance Code prohibits a debt collector from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number. Tex. Fin. Code Ann. § 392.302(4).

49.     Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff despite Plaintiff's request that the collection calls cease.

50.     Defendant's collection calls were made with the intent to harass Plaintiff and to pressure Plaintiff into making payment on Javier's debt.

51.     The fact that Defendant placed up to 10 calls per day to Plaintiff's cellular phone *after* Plaintiff entered a payment plan to pay *Javier's debt* is illustrative of Defendant's intent to harass Plaintiff.

52.     As pled above, Plaintiff was severely harmed by Defendant's abusive collection practices.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in her favor as follows:

a.     Finding that Defendant violated Tex. Fin. Code Ann. §§ 392.302(4);

b.     Enjoining Defendant from further contact with Plaintiff pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c.     Awarding Plaintiff actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d.     Awarding Plaintiff her reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

e.     Awarding any other relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

Dated: November 30, 2020                Respectfully submitted,

                                        **ESTER RUIZ-MINJAREZ**

                                        By: /s/ *Mohammed O. Badwan*

                                        Mohammed O. Badwan, Esq.
                                        *Counsel for Plaintiff*
                                        Sulaiman Law Group, Ltd
                                        2500 S Highland Ave, Suite 200
                                        Lombard, IL 60148
                                        (630) 575-8180
                                        mbadwan@sulaimanlaw.com