IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISON

| | | |
|---|---|---|
| **ESTER RUIZ-MINJAREZ** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 7:20-CV-00272** |
| v. | § | |
| | § | |
| **TEXAN CREDIT CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT TEXAN CREDIT CORPORATION'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant **TEXAN CREDIT CORPORATION** (hereafter "Defendant"), files this Original Answer to Plaintiff's Complaint and would respectfully show the Court as follows:

**I.
ANSWER**

1. Defendant admits that Ester Ruiz-Minjarez (hereafter "Plaintiff") makes the allegations stated in Plaintiff's Complaint, but Defendant denies that this Defendant has any liability for said allegations.

2. Defendant denies that Plaintiff has standing, as Defendant has a contract with Javier Ruiz, the Plaintiff's husband, for consumer debt in the amount of $1,022.00, plus prejudgment and post-judgment interest, and denies that Plaintiff is a "consumer" as defined by Tex. Fin. Code § 392.001 as Plaintiff does not have a "consumer debt".

3. Defendant can neither admit nor deny as Defendant has no personal knowledge of Plaintiff's current residency.

4.   Defendant admits that Plaintiff is a person as defined by 47 U.S.C. § 153(39).

5.   Defendant admits that Defendant "provides personal loan services in Texas" and Defendant's registered agent is Stacy Pledger, located at 357 Jacob Street, Timpson, Texas.

6.   Defendant admits that Defendant is a person as defined by 47 U.S.C. § 153(39).

7.   Defendant admits that Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

8.   Defendant can neither admit nor deny that Plaintiff agreed to assume a debt on a loan obtained by her husband owed to Defendant.

9.   Defendant can neither admit nor deny for lack of personal knowledge the scope of Plaintiff's financial hardships or the financial hardships of her husband.

10.  Defendant admits that Plaintiff received calls from Defendant around August of 2020.

11.  Defendant admits Defendant has used a variety of phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (432) 620-0442, (432) 520-0210, and (432) 620-0563, but cannot admit that its calls were not limited to those numbers.

12.  Defendant admits the aforementioned phone numbers are regularly utilized by Defendant during its debt collection activity.

13.  Defendant admits upon speaking with Plaintiff, and Plaintiff was informed that Defendant was seeking to collect upon the subject consumer debt.

14.  Defendant admits to the extent Plaintiff stated she did not have the money but denies to the extent she demanded Defendant stop contacting her.

15. Defendant denies that Plaintiff agreed to enter into a "payment plan" with Defendant and denies that its collection practices were "coercive".

16. Defendant denies Defendant continued to regularly call Plaintiff's cellular phone, up to ten times per day, after she allegedly agreed to enter into a payment plan. Defendant denies Defendant continued to regularly call Plaintiff any lesser amount per day to which Plaintiff suggests was unreasonable, and Defendant denies placing "brazen" or "harassing" collection calls to Plaintiff.

17. Defendant denies that Plaintiff received not less than 40 calls from Defendant after asking Defendant to stop contacting her.

18. Defendant admits that Defendant contacted Plaintiff's husband Javier at his place of work.

19. Defendant can neither admit nor deny as Defendant has no personal knowledge of the allegations and because the allegation is not specific as to what is meant by "invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data on her cellular phone."

20. Defendant denies that Defendant has caused Plaintiff actual harm.

21. Defendant denies that Defendant has caused Plaintiff severe harm.

22. Defendant admits that ATDS is defined in 47 U.S.C § 227(a)(1), as "equipment which has the capacity….to store or produce telephone numbers to be called, using a random or sequential number generator and to dial such numbers."

23. Defendant denies that Plaintiff withdrew consent to receive phone calls from Defendant.

24. Defendant denies that Defendant used an ATDS.

25. Defendant denies that Defendant placed no less than 40 phone calls to Plaintiff's cellular phone using an ATDS.

26. Defendant admits that the calls placed by Defendant to Plaintiff were not for emergency purposes as defined by the TCPA under 47 U.S.C § 227(b)(1)(A)(i) but denies that they were regarding business transactions.

27. Defendant denies that Defendant is liable to Plaintiff for "at least $500.00 per call" and denies Plaintiff's allegations that Defendant willfully and knowingly violated the TCPA.

28. Defendant denies any and all allegations set forth in Plaintiff's prayer to the Court regarding Count I-Violations of the Telephone Consumer Protection Act, and Defendant denies that Plaintiff is entitled to the relief sought therein.

29. Defendant denies any and all allegations set forth in Plaintiff's prayer to the Court regarding Count II-Texas Debt Collection Act, and Defendant denies that Plaintiff is entitled to the relief sought therein.

30. Defendant denies that Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1) and can neither admit or deny the loan was to finance the purchase of personal, familial, or household goods and/or services.

31. Defendant admits that Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

32. Defendant admits that the subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

33. Defendant admits that the TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously. Or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

34. Defendant denies that Defendant continued to call Plaintiff's cellular phone at least 40 times without Plaintiff's consent. Defendant denies "that the collection calls were made with the intent to harass Plaintiff and pressure Plaintiff into making payment" as said allegation is global, broad, non-specific, speculative, and vague, and Defendant does not have personal knowledge of Plaintiff's assumptions.

35. Defendant denies that Defendant placed up to 10 phones calls per day to Plaintiff's cellular plan after Plaintiff allegedly entered into a payment plan to pay Javier's debt.

36. Defendant admits that the TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(19), prohibits a debt collector from "using any…. false representation or deceptive means to collect a debt obtain information concerning a customer."

37. Defendant denies it violated the TDCA through implicit misrepresentations made on any phone calls placed to Plaintiff's cellular phone. Defendant also denies through its conduct Defendant mislead any representation to Plaintiff that it had the lawful ability to continue to contact her cellular phone using an automated system absent her consent. Defendant denies Defendant was harassing Plaintiff. Defendant denies Defendant continued to collect from Plaintiff at her residence even after she asked Defendant to stop contacting her.

38. Defendant denies any and all allegations set forth in Plaintiff's prayer to the Court regarding Count II-Violations of the Telephone Consumer Protection Act, and Defendant denies that Plaintiff is entitled to the relief sought therein.

**ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT**

## II.
## AFFIRMATIVE DEFENSES

39. Defendant asserts that this Defendant did not violate any clearly established constitutional rights of which a reasonable person would have known.

40. Defendant asserts that punitive damages, if any, must be limited as provided by applicable Federal law and may not be had against Defendant.

41. Plaintiff consented to this communication to her cellular phone.

44. Defendant absolutely asserts that Defendant did not violate Plaintiff's rights.

45. Plaintiff's complaint fails to state a cause of action upon which relief can be granted.

## III.
## DEMAND FOR JURY TRIAL

46. Defendant demands that all issues which may be tried in this matter be submitted to a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that Plaintiff take nothing, and this Defendant be awarded attorney's fees, costs of Court, fees pursuant to Tex. Fin. Code Ann. § 392.403(2)(c), and for all other relief, at law or equity, to which this Defendant may show itself to be justly entitled.

Respectfully submitted,

FAIRCHILD, PRICE, HALEY, & SMITH, L.L.P.
1801 North Street
Nacogdoches, Texas 75965
Telephone: (936) 569-2327
Facsimile: (936) 569-7932

By: /s/ Russell R. Smith
  RUSSELL R. SMITH., TBA 18682310
  ATTORNEY FOR DEFENDANT
  TEXAN CREDIT CORPORATION

---

**DEFENDANT TEXAN CREDIT CORPORATION'S                                        PAGE 7**
**ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all known counsel of record in accordance with the Federal Rules of Civil Procedure on the 4th day of January 2021.

/s/ Russell R. Smith
RUSSELL R. SMITH